**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV2187SNLJ |
| | ) | |
| CREDIT PROTECTION ASSOC. LP., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Plaintiff, on behalf of himself and others similarly situated, has sued defendant alleging claims under the federal Fair Debt Collection Practices Act (FDCPA) relating to the defendant's efforts (2 letters) to collect a debt allegedly owed to Charter Communications (a non-party). Plaintiff's complaint includes allegations of various violations of 15 U.S.C. §§1692d-f , including but not limited to, defendant's failure to identify itself as a debt collector, threatening to report the alleged debt to credit reporting agencies, and engaging in harassing, oppressive, and/or abusive conduct in connection with the collection efforts.  This matter is before the Court on the defendant's motion for summary judgment [18], filed December 18, 2012; plaintiff's motion for partial summary judgment with respect to an alleged claim under 15 U.S.C. §1692g [22], filed December 27, 2012; plaintiff's motion for stay of summary judgment for newly discovered evidence [28], filed January 17, 2013; and, defendant's motion for leave to cite additional authority [32], filed April 12, 2013.  All responsive pleadings have now been filed and the matters are ripe for disposition.

The appropriate standard for consideration of all motions for summary judgment is as follows:

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

Torgerson v. City of Rochester, 643 F.3d. 1081, 1085 (8th Cir.2011)( internal citations and quotations omitted); *see also*, Jackson v. United Parcel Service, Inc., 643 F.3d. 1031, 1042 (8th Cir. 2011)(*citing* Torgerson*, supra.*).

Before addressing the facts and legal issues before the Court, there are a few matters that need to be addressed preliminarily. Firstly, plaintiff seeks to stay this Court's ruling on the summary judgment proceedings due to the deposition of a corporate designee of Charter Communications in another case[1], and the alleged production of a certain deposition agreement between the defendant and Charter. Plaintiff seeks the stay in order to obtain certain evidence which he believes would support his claim that the defendant did not have the authority to report the alleged debt to the credit reporting agencies.

_____

[1]Young v. Credit Protection Association, Case No. 4:12CV981HEA.

2

Plaintiff's motion for a stay will be denied.  Plaintiff filed this motion over four (4) months after discovery closed in this case.  Plaintiff's counsel has filed other cases such as the one before the Court, including the case involving the subject deposition and agreement, and has offered no justifiable excuse for not seeking the same or similar discovery in this case.  It is undisputed that defendant, in the instant case, responded fully to all discovery tendered to it by the plaintiff.  Plaintiff never sought an extension of the discovery deadline in this case, nor filed a proper Rule 56(d)(2) motion for this Court to hold a ruling on the defendant's summary judgment motion in abeyance until such time plaintiff could take additional discovery.  Plaintiff's motion for stay [28] lacks merit and will be denied.

Secondly, the plaintiff has filed for partial summary judgment on an alleged §1692g claim of "overshadowing."  Defendant counters that the plaintiff's summary judgment motion is untimely, and furthermore, raises a new claim not alleged in his complaint.  Finally, defendant contends that if the Court should consider this "new claim," plaintiff has failed to put forth sufficient evidence to support it.  Plaintiff counters that §1692g is not a new claim because he plead that the defendant's actions may have violated any of the FDCPA rules §§ 1692 a-j, including §1692g.  He further claims that by pleading the letters and dates he received them, this is "all the evidence Plaintiff needs to prove an overshadowing violation here."  Plaintiff's Response [22], pg. 7.  Plaintiff concludes that because the defendant has never moved to dismiss the alleged §1692g claim, defendant is precluded from making a challenge to it now.

The Court has carefully reviewed the plaintiff's complaint.  In his "facts" section, he cites to the contents of the first collection letter of September 6, 2011, and claims that this letter fails to clearly identify the defendant as a debt collector and threatens to turn plaintiff's debt over to the credit reporting agencies if plaintiff did not immediately pay the alleged debt.  Plaintiff's

3

Complaint [3], ¶¶9-14.  Plaintiff then contends that the defendant sent the September 6, 2011 letter knowing or should have known that the debt was not owed because plaintiff has contacted Charter, resolved the debt, and Charter informed defendant of the resolution.  Plaintiff's Complaint [3], ¶¶16-18.  Plaintiff then avers that a second collection letter of September 14, 2011 was sent to the plaintiff with a lower revised alleged debt amount.  Plaintiff again avers that the debt was not owed, and that the defendant had wrongfully threatened to report the debt to the credit reporting agencies.  Plaintiff's Complaint [3], ¶¶19-22.

Plaintiff's Complaint contains a single count I entitled <u>Violations of Fair Debt Collection Practices Act</u>.  In this Count, plaintiff states generally that in its attempts to collect the alleged debt, "Defendant has committed violations of the FDCPA, *15 U.S.C. 1692a-j, et. seq.*, including but not limited to, the following . . . ."  Plaintiff's Complaint [3], ¶24.  Plaintiff then specifically lists the following alleged violations:

> a.  Defendant failed to identify itself as a debt collector and falsely characterized itself as a credit bureau or other type of agency. 15 U.S.C. §1692d, e;
>
> b.  Defendant attempted to collect an unauthorized amount. 15 U.S.C. §1692f(1);
>
> c Defendant threatened to take action, specifically credit reporting, that it could not legally take and that it did not intend to take.  15 U.S.C. §1692d, e, f;
>
> d. Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.  15 U.S.C. §1692d-f;
>
> e.  Defendant communicated a false impression of the character, amount, and legal status of the debt.  15 U.S.C. §1692e; and
>
> f.  Defendant used unfair and unconscionable practices to attempt to collect the debt.  15 U.S.C. §1692f.

Plaintiff's Complaint [3], ¶¶24a-f.

4

Nowhere in this complaint does plaintiff aver any facts whatsoever alleging an "overshadowing" claim.[2]  He specifically alleges violations of §1692d-f; yet fails to specifically allege a violation of §1692g.  There is nothing in this complaint which sets out a claim for a violation of §1692g other than a generalized boilerplate statement that defendant violated the FDCPA 15 U.S.C. §§1692a-j.  This boilerplate language, especially in light of the facts averred and the identification of specified violated sections of §1692 (other than §1692g) fails to put the defendant, or this Court, on notice that plaintiff is making a §1692g claim of "overshadowing." Consequently, the plaintiff failed to raise a claim of §1692g violation in his complaint, and cannot raise same in his "response" or a "cross-motion for partial summary judgment."  Thus, plaintiff's cross-motion for partial summary judgment [22] will be denied.

Finally, the Court must address the substance of the plaintiff's "statement of uncontroverted material facts" and his affidavit in support.  Plaintiff's Exhibits [22-1 and 23]. Most of his "statement of uncontroverted facts" and his affidavit relate to his communications and alleged resolution of his debt with Charter Communications.  He further opines that he resolved the debt with Charter and it is **belief** that Charter communicated this "fact" to the defendant.  Finally, plaintiff contends that he has a audio recording of his alleged conversation with a Charter representative about the debt owed and has filed same with the Court.  Plaintiff's Exhibit [22-4].

The problem here is that plaintiff's communications with Charter and what he believed Charter told defendant is irrelevant as to the issues raised in the defendant's summary judgment

---

[2]The term "overshadowing" generally refers to collection letters, which technically comply with the FDCPA, but use language, typeface, or other means to confuse the debtor or disguise the debtor's validation rights.  Jones v. The CBE Group, Inc., 215 F.R.D. 558, 566 (D.Minn. 2003).

motion.  Charter is not a party to this case and whatever problems plaintiff had in moving from place to place, and getting new cable service started or reinstated is simply irrelevant to any issue present in this case, or more importantly, to the issues raised in the defendant's summary judgment motion.  As for the CD, plaintiff has failed to authenticate it and there is nothing before this Court which qualifies the CD as an admissible exhibit before this Court.  Furthermore, the CD only relates to a conversation allegedly between the plaintiff and a Charter representative. Plaintiff's own affidavit fails to attest that this conversation involved the defendant, or was transmitted to the defendant (prior to the lawsuit being filed), or that defendant was made aware of a "complete resolution" of the debt (by plaintiff) prior to the transmission of either or both of the collection letters.  Therefore, the Court will review the plaintiff's statement of uncontroverted facts, his affidavit, and the CD and give them only such weight and consider them only so far as they address any legal issue properly before this Court.

As for the defendant's motion to cite additional authority, this motion will be granted. The additional authority is the memorandum opinion entered by a fellow district court involving the same defendant and  considering the same issues.  The Court has reviewed this well-reasoned opinion and finds same instructive as to the issues presently before this Court.

In light of the above findings, the Court determines that the following facts are largely undisputed and material to the issues before this Court.

The plaintiff, at all times relevant to this cause of action, was a cable customer of Charter Communications.  As a customer of Charter, plaintiff incurred a debt owed to Charter for services rendered.  On September 6, 2011 Charter forwarded the plaintiff's debt in the total amount of $381.81 to defendant CPA for collection. The debt owed of $381.81 represented $331.00 for 1 item of unreturned equipment (a DVR) and $50.81 for a service balance.

Defendant's Exhibit 1, pg. CPA002.  Defendant is a Texas limited partnership engaged in the business of the collection of consumer debt in Missouri and other states using the mail and telephone.

In the course of its collection debt business, defendant maintains collection notes regarding the activity that takes place on each account.  Collection efforts via telephone calls and conversations, and written correspondence are recorded in the collection notes for each particular collection account.  Defendant's Exhibit 2 - Declaration of Lisa Pearson Duan.  The collection notes are created and maintained in the regular course of business and such entries are made contemporaneously with the events they memorialize.  Duan Declaration.

When an account is placed with CPA for collection, it is assigned a reference number. CPA assigned reference number #1651206476 to plaintiff's account.  Where a debtor does not pay his debt within a proscribed time-period, CPA will continue its efforts to collect the debt, which may include furnishing information regarding the account to the credit bureaus.  Duan Declaration.  Under normal circumstances, if the plaintiff had not paid his debt, and had not initiated this lawsuit, his account would have been furnished to the credit bureaus.  Duan Declaration.  On the other hand, if plaintiff had paid his debt, collection efforts would have ceased.  Duan Declaration.

On September 6, 2011 defendant sent the plaintiff a collection notice.  The notice states: "This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose."  Defendant's Exhibit 3 - collection letter dated September 6, 2011.  The September 6th letter identifies Charter Communications as the Creditor.  It informs the plaintiff that Charter's records indicate that plaintiff's account is past due in the amount of $381.81 which includes 1 non-returned piece of equipment valued at $331.00.  In bold letters is the statement

7

"**Save $331.00 by returning your leased equipment today!**"  Defendant's Exhibit 3.  The letter

further identifies defendant as a "professional collection agency retained by Charter

Communications and is authorized to take all appropriate steps to collect this debt."  The letter

further provides various ways that the plaintiff can pay the debt, and a phone number plaintiff can

call to make a payment by phone.  Finally, the letter sets our certain rights retained by the

plaintiff under the FDCPA, and what additional information certain identified states require

defendant to provide.  Defendant's Exhibit 3.  As for the FDCPA information, the letter states the

following:

> The Fair Debt Collection Practices Act requires that we, as the **debt
> collector**, inform you that; unless you, within thirty days after receipt
> of this initial notice, dispute the validity of the debt, or any portion thereof,
> the debt will be assumed valid by the **debt collector**.  If you notify the
> **debt collector** in writing within the thirty-day period that the debt, or
> any portion thereof, is disputed, the debt collector will obtain verification
> of the debt or a copy of judgment against you and mail it to you.   If
> requested in writing within thirty days, the **debt collector** will also
> provide you with the name and address of the original creditor, if
> different from the current creditor.

Defendant's Exhibit 3 (emphasis added).

On September 14, 2011 the plaintiff called Charter to tell it that he had returned the

equipment in question (a DVR).  Charter informed plaintiff that the outstanding debt included

both the DVR and the service charge balance.  The matter of the DVR was resolved and Charter

informed defendant that the subject equipment had been returned.

On September 14, 2011 defendant updated the plaintiff's account to reflect the return of

the equipment, and sent plaintiff a second collection letter stating the outstanding debt balance of

$50.81 only.  The September 14th letter again identified Charter Communications as the Creditor

and a "Balance Due" of $50.81.  The letter thanks plaintiff for the return of the "item" and that

the return leaves a balance of $50.81 due and owing.  Defendant's Exhibit 3.  The letter further

states that partial payments are only accepted if prior arrangements had been made with either Charter or defendant CPA; and if so, plaintiff was to return the remittance portion of the letter indicating the amount and date of the next scheduled payment, and return with the current payment.  If no prior arrangement had been made regarding partial payment of the debt, payment in full was requested to settle the account.  Defendant's Exhibit 3.  Plaintiff was informed that no arrangements would be allowed for more than thirty (30) days between each payment.  Finally, plaintiff was informed that "[I]f your next payment is not received in that time frame, we will proceed with further collection activity which could jeopardize your credit standing." Defendant's Exhibit 3.  The remainder of the letter set out the same payment methods, phone number(s) and recitation of rights as the September 6, 2011 letter had done.

Plaintiff did not pay the debt as set out in the September 14, 2011 collection notice. Plaintiff never sent written correspondence to CPA disputing the debts.  He never responded to either the September 6th or September 14th letters, never disputed either debt amounts in writing to CPA, nor did he ever request verification (in writing) of either debt amounts. Instead, plaintiff filed the instant lawsuit.  Once notified of the instant lawsuit, CPA ceased all collection efforts regarding the alleged debt of $50.81.

The purpose of the FDCPA is "to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage."  Quinn v. Ocwen Fed. Bank, FSB, 470 F.3d. 1240, 1246 (8th Cir. 2006); Peters v. Gen.,Serv. Bureau, 277 F.3d. 1051 1054 (8th Cir. 2004); White v. BAC Home Loans Servicing LP., 2011 WL 1483919, *7 (E.D. Mo. April 19, 2011) citing Quinn, supra.; Peters, supra.; see also, Rollins v. Portfolio Recovery Associates, LLC, 2012 WL 6051999, *2 (W.D.Mo. April 25, 2012) citing Strand v. Diversified Collection Serv., 380 F.3d. 318-19 (8th Cir. 2004).  Under the FDCPA, debt

collectors are prohibited, among other things, from the false representation of the character, amount, or legal status of any debt; using conduct that constitutes harassment, oppression, or abuse; using false, deceptive or misleading misrepresentations; engaging in unfair or unconscionable means to collect the debt; and, taking or threatening to take any action that cannot legally be taken.  15 U.S.C. §§1692d, e, and f.

In order to establish a violation of the FDCPA, a plaintiff must demonstrate that 1) plaintiff has been the object of collection activity arising from a consumer debt; 2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and 3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. Pace v. Portfolio Recovery Associates LLC, 872 F.Supp.2d. 861, 864 (W.D.Mo. 2012); Campbell v. Credit Protection Association LP, 2013 WL 1282348, *4 (E.D.Mo. March 27, 2013)(*citing* Pace, *supra.*).

Within the Eighth Circuit, FDCPA claims are viewed from the "unsophisticated consumer" perspective.  Strand, at 317-18 (8th Cir. 2004); Peters, at 1055; Freyermuth v. Credit Bureau Services, Inc., 248 F.3d. 767, 771 (8th Cir. 2001); Duffy v. Landberg, 215 F.3d. 871, 873 (8th Cir. 2000); Campbell, 2013 WL 1282348, at *5; Rollins, 2012 WL 6051999, at *3.  This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder."  Strand, at 317 *citing* Duffy, *supra.*  "The standard protects the uniformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters."  Strand, at 317-18 *citing* Peters, *supra.*; Caw v. Portfolio Recovery Associates, 2013 WL 30567, *2 (W.D.Mo. Jan. 2, 2013).  The "unsophisticated consumer" test is a practical test designed to protect debt collectors from

10

liability for "bizarre or idiosyncratic interpretations of collection notices" and "statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." Peters, at 1055-56 (internal quotations and citations omitted).  Furthermore, mere speculation that a collection letter confuses the unsophisticated consumer is insufficient for a FDCPA plaintiff to survive summary judgment.  Campbell, 2013 WL 1282348, at *5 citing Durkin v. Equifax Check Serv., 406 F.3d. 410, 415 (7th Cir. 2005).  "'Thus, when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial.  Such additional or 'extrinsic evidence' may be satisfied through evidence such as consumer surveys or expert testimony.'" Campbell, 2013 WL 1282348, at 5 quoting Durkin, supra.)(internal citations omitted).

Finally, where the legal implications of statements made in a collection letter are disputed, the dispute constitutes a question of law that may be resolved by the Court on a dispositive motion.  See, Peters, at 1056; Campbell, supra. (district court applied "unsophisticated consumer" test to resolve disputes in connection with FDCPA plaintiff's claim that collection letter was misleading and/or deceptive in challenge to defendant's summary judgment motion); Schroeder v. First National Collection Bureau, 2011 WL 2960259, *2 (D.Minn. July 21, 2011)(district court cites Peters, supra. in applying "unsophisticated consumer" test to resolve disputes in connection with FDCPA plaintiff's claims that collection letters were misleading and/or deceptive in challenge to defendant's motion for judgment on the pleadings).

## 15 U.S.C. §1692d

Under the FDCPA, debt collectors are prohibited from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d.  A non-exhaustive list of prohibited conduct includes using or threatening to use "violence or other criminal means to harm the physical person, reputation, or property of any person;" using "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;" publishing a list of consumers who allegedly refuse to pay debts (except as to credit reporting agencies or persons meeting the requirements of §1681); and/or advertising for sale any debt in order to coerce payment of the debt. §1692d(1)-(4).[3]

At issue in this case are two (2) letters: one sent to plaintiff by defendant on or about September 6, 2011 and another sent to plaintiff by defendant on or about September 14, 2011. Plaintiff has failed to set forth any evidence demonstrating that sending two (2) collection notices, especially wherein the second notice recognizes that part of the debt has been paid and is informing the consumer of the balance due, constitutes harassing, oppressive, or abusive conduct by defendant CPA.

Furthermore, the record is completely devoid of any evidence that either or both of these letters contain any statements which could be remotely (and reasonably) construed as threatening violence to procure payment of the debt, contain obscene or profane language intended to intimidate the plaintiff into paying the debt; contain any threat to publish plaintiff's name as person refusing to pay a debt; or qualify as an advertisement for the sale of the plaintiff's debt to Charter as coercion to pay the debt.  The record lacks any indicia of the type of conduct raising a

---

[3]The remaining identified illegal conduct involves telephone calls by a debt collector which is not an issue in this case.

triable question of fact under §1692.  As such, summary judgment will be granted to the

defendant on any and all §1692d claims as contained in the plaintiff's complaint.

### 15 U.S.C. §1692e

Under the FDCPA, a debt collector is prohibited from using "any false, deceptive, or

misleading representation or means in connection with the collection of any debt."  15 U.S.C.

§1692e.  Additionally, debt collectors are forbidden from falsely representing "the character,

amount, or legal status of debt;" from threatening "to take any action that cannot legally be taken

or that is not intended to be taken;" and, from failing to affirmatively identify itself as a debt

collector in any communication with the debtor. §1692e(2)(A); §1692e(5); §1692e(11).

Plaintiff contends that defendant has violated the above-referenced provisions because 1)

the substance of the collection letters and defendant's name in and of itself fails to disclose the

defendant as a "debt collector;" 2) defendant misrepresented the "true amount" of the debt owed

by plaintiff; 3) statements in the collection letters led the plaintiff to believe that defendant would

report the alleged debt to the credit reporting agencies if plaintiff did not pay immediately the

entire alleged debt.

Plaintiff asserts that the collection letters failed to disclose the defendant as a "debt

collector" and that furthermore, the name "Credit Protection Association, LP" fails to clearly

disclose the defendant as a "debt collector."  Both assertions fail as contrary to established law.

Two other district courts have explicitly addressed the issue of the defendant's name and

held that the name "Credit Protection Association" was not misleading or deceptive under the

FDCPA.  Dunlap v. Credit Protection Association, LP, 419 F.3d. 1011, 1012 (9th Cir. 2005);

Campbell, 2013 WL 1282348, *7 (district court holds that the name "Credit Protection

Association, LP" does not violate the FDCPA citing Dunlap, *supra.*).  This Court adopts the

13

reasoning and holdings of these fellow courts and finds that the name "Credit Protection Association, LP" does not violate §1692e(11).

Furthermore, the Court finds that the letter themselves clearly identify the defendant as a debt collector.  Both letters contain the same statement: "This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose."  A very similar statement was found by the Eighth Circuit to pass the "unsophisticated consumer" test and be sufficient to convey to even an unsophisticated consumer that the letter is from a "debt collector."  Volden v. Innovative Financial Systems, Inc., 440 F.3d. 947, 955 (8th Cir. 2006).  Additionally, the letters clearly identify defendant CPA as "a professional collection agency" retained by Charter to "take all appropriate steps to collect this debt."  Finally, the letters provide a "Notice of Important Rights" which starts out with the statement "The Fair Debt Collection Practices Act requires that **we, as the debt collector**, inform you that . . . ."

The plaintiff has offered nothing more than his own self-serving assertions that the letter "confused" him.  He has presented no affirmative or extrinsic evidence whatsoever that the letters would reasonably confuse an "unsophisticated consumer" as to the identity and/or the business of the defendant.  As the "unsophisticated consumer" test is a practical test involving an element of reasonableness, this Court finds that the subject letters effectively convey the fact that they are from a debt collector and thus do not violate §1692e(11).

Next, plaintiff contends that defendant violated §1692e(5) because the letters caused him to believe that if he did not pay the entire debt immediately, the debt would be reported to the credit bureaus.  He believes that certain statements within the letters constitute impermissible threats to inform the credit bureaus of the debt which he contends CPA was not authorized to do so by Charter.

14

Again, §1692e(5) prohibits a debt collector from threatening to take any action that it cannot legally take or that the debt collector does not intend to take; and any such "threat" constitutes a false, deceptive or misleading representation.  Furthermore, §1692e(9) prohibits a debt collector from making it appear that it has been authorized to report the debt to the credit bureaus when in fact it has been prohibited from doing so by the creditor.

Here, plaintiff contends that CPA's collection letters contained the following statements which made him believe that it would "imminently report the cable debt on his credit report:"

1) "**ALWAYS PROTECT YOUR CREDIT RATING**"
   (September 6, 2011 letter)

2) that CPA was retained by Charter and "is authorized to take all appropriate steps to collect this debt."
   (September 6, 2011 letter)

3) that CPA, upon plaintiff's failure to make timely payments, would "proceed with further collection activity."
   (September 14, 2011 letter)

Defendant avers, and plaintiff offers no evidence to the contrary, that 1) it does furnish information regarding its collection accounts to credit reporting agencies; and 2) does so when the debtor fails to pay in full the outstanding debt.  Defendant avers that it would have reported the cable debt in the event that plaintiff did not pay the debt; however, due to the filing of the lawsuit all collection efforts ceased.  Consequently, the statements as contained in the collection letters were true; i.e. not false.  Furthermore, failure to pay a legitimate debt owed "generally will result in a negative impact on one's credit report."  Pace, at 867.

Nowhere in either of the letters does CPA make any statement which remotely threatens to report his debt to the credit bureaus.  At best, phases such as "take all appropriate steps" and "further collection activity" benignly imply that the plaintiff should pay his debt to protect his

15

credit rating.  Such implications do not constitute a §1692e(5) violation.  *See*, Dunlap, at 1012-13; Pace, at 867.

Although it is unclear from the plaintiff's pleadings whether he is making an independent claim of a violation of §1692e(9), such a claim has been addressed by a fellow district court and denied.  In Campbell, *supra.* the Court found that a similar collection letter from CPA "did not assert or in any way mention that Charter had authorized the referenced credit report.  Therefore, no rational reading of the Letter could lead a debtor to conclude that Defendant was representing that it had such authorization."  Id., at *8.  Furthermore, the Court found that "Plaintiff offers no evidence that Charter prohibited Defendant from filing a credit report as part of Defendant's debt collection activities on Charter's behalf."  Id., at *8.  The same lack of affirmative evidence by plaintiff O'Connor exists in the instant case.  All plaintiff has offered to the Court is a mere claim of confusion and a general assertion that the letters raise a material issue of disputed fact.  The Court disagrees.  The Court finds that no material issues of fact exist as to plaintiff's §1692e(5) and (9) claims, and defendant CPA is entitled to summary judgment as a matter of law.

The plaintiff next contends that defendant violated §1692e(2)(A) by falsely representing the "character, amount, or legal status of debt."  He contends that he had settled the debt with Charter; thus, he did not owe $381.81 as stated in the collection letters.  Plaintiff's "evidence" of this "settlement" is a tape-recording he made on September 14, 2011 between himself and a representative of Charter; and his affidavit.  Plaintiff's argument is meritless.

Firstly, the undisputed fact is that Charter referred a debt totaling $381.81 to CPA for collection.  It is also undisputed that the total debt amount of $381.81 included $331.00 for unreturned equipment (a DVR) and $50.81 for services.  The September 6th letter clearly indicates that collection was being sought for the $331.00 debt as to the unreturned equipment.

16

Plaintiff did not dispute the debt in writing which would have required CPA to verify the debt and perhaps more clearly delineate what the debt covered.  Instead, plaintiff contacted Charter and tape-recorded a conversation he had with it.  It is undisputed that plaintiff never tendered a copy of this tape-recording to defendant until he filed this lawsuit and in connection with discovery efforts by defendant.  Thus, defendant was unaware of the contents of the conversation at the time of the September 14th letter.

Charter informed CPA that the equipment had been returned; thus, leaving an outstanding debt for the $50.81 services balance.  Plaintiff offers no evidence to the contrary.  His tape-recording makes no mention of any dispute regarding the $50.81 service balance.  He only avers that he "intended" to dispute the entire debt; that "he may have been confused;" and that he "believed he was disputing the entire debt."  Plaintiff's Response [22], pgs. 12-13; Plaintiff's Affidavit.  Plaintiff's self-serving statements that he intended to dispute the entire debt and/or that once the equipment was returned he owed Charter nothing simply fails to adequately challenge defendant's summary judgment motion.

Plaintiff never disputed the debt in writing as required under the FDCPA. §1692g(b).  Since he never disputed the debt in writing, CPA was under no legal obligation to verify the debt to plaintiff.  Defendant CPA was entitled to rely on Charter's information as to the debt owed.  See, Clark v. Capital Credit and Collection Services, 460 F.3d. 1162, 1174 (9th cir. 2006)(internal citations omitted).  It is undisputed that Charter initially referred a debt totaling $381.81 to CPA; that this debt included $331.00 for unreturned equipment and $51.81 for service balance.  This was reflected in the September 6, 2011 letter.  Although plaintiff contends that he "intended to dispute the entire debt" he offers no affirmative evidence that the entire debt had been settled with Charter.  Instead, the record shows that Charter informed CPA that the

17

equipment had been returned, leaving an outstanding debt of $50.81 for service balance.  CPA acknowledged the return of equipment and put plaintiff on notice of the $50.81 service balance debt.  Again, instead of disputing in writing to CPA of this remaining debt, plaintiff filed a lawsuit.

The evidence before this Court is that CPA relied upon information given to it by Charter as to plaintiff's debt.  Charter first informed CPA that the debt totaled $381.81 representing $331.00 for unreturned equipment and $50.81 for service balance - this is reflected in the September 6, 2011 letter.  Charter then informed CPA that the equipment had been returned leaving the service balance debt.  The September 14, 2011 letter acknowledges the return of the equipment and puts plaintiff on notice of the outstanding service balance debt.  Plaintiff could have disputed this outstanding debt in writing to CPA which would have caused CPA to verify the debt (or complete settlement of the debt as claimed by plaintiff).  However, again, plaintiff chose not to do so.  There is nothing before the Court showing that CPA made any false representations as to the character, amount, or legal status of the debt owed by plaintiff in either the September 6, 2011 or September 14, 2011 collection letters.  Defendant is entitled to judgment as a matter of law on plaintiff's §1692e(2)(A) claim.

In summary, there are no material issues of fact in dispute and defendant is entitled to judgment as a matter of law on all of the plaintiff's §1692e claims as contained in his complaint.

## 15 U.S.C. 1692f

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  Several examples of "unfair or unconscionable means" are identified in §1692f.  None of these identified examples are present in the instant case.

Plaintiff does not present any facts or examples of defendant's conduct which he maintains violates §1692f.  Plaintiff fails to present any argument whatsoever as to how either the September 6, 2011 or September 14, 2011 letter constitutes a violation of §1692f.

Bare assertions that plaintiff did not owe the debts reflected in the letters or that he was "confused" by the letters is inadequate to support his §1692f claim.  In the absence of facts and supporting evidence, plaintiff fails to raise a triable issue that defendant engaged in unfair or unconscionable conduct in violation of §1692f.  *See*, Caw, 2013 WL 30567, at *3; Rollins, 2012 WL 6051999, at *4.  Thus, defendant is entitled to judgment as a matter of law on plaintiff's §1692f claim as contained in his complaint.

Accordingly, there are no existing material issues of fact and defendant is entitled to judgment as a matter of law on all FDCPA claims as contained in plaintiff's complaint.

Dated this 23rd day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE